# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### NORTHERN DIVISION

Leo Dorrell, *et al.,*

        *Plaintiffs*,

    v.

Constellation Energy Corporation, *et al.*,

        *Defendants*.

Civil Action No. 1:25-cv-02251-ABA

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
SOUTHERN CALIFORNIA EDISON COMPANY, NEXTERA ENERGY, INC.,
NEXTERA ENERGY RESOURCES, LLC, FLORIDA POWER & LIGHT COMPANY,
and LUMINANT GENERATION COMPANY LLC'S
<u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 2

    I.    Plaintiffs Have Not Pled a Basis for Personal Jurisdiction Under
    Maryland's Long-Arm Statute ............................................................................... 4

        A.    Plaintiffs Have Failed to Plausibly Allege an Antitrust Conspiracy,
             and Therefore There Is No Basis to Assert Personal Jurisdiction
             Over Moving Non-Resident Defendants Under the Conspiracy
             Theory .......................................................................................................... 4

        B.    The Conspiracy Theory of Personal Jurisdiction Is Not Compatible
             With Due Process ......................................................................................... 5

    II.    Plaintiffs Also Fail to Establish Personal Jurisdiction Under Section 12 of
    the Clayton Act ...................................................................................................... 9

CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Auto. Refinishing Paint Antitrust Litig.*,
358 F.3d 288 (3d Cir. 2004)..................................................................................................10

*Bristol-Myers Squibb Co. v. Sup. Ct. of Calif., S.F. Cnty.*,
582 U.S. 255 (2017).........................................................................................................6, 8

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985).........................................................................................................6, 9

*Chirila v. Conforte*,
47 F. App'x 838 (9th Cir. 2002) .......................................................................................5, 7

*Contiem v. Gullion*,
No. CV MJM-23-2511, 2024 WL 4349689 (D. Md. Sept. 30, 2024) .....................................3

*Daimler AG v. Bauman*,
571 U.S. 117 (2014).........................................................................................................2, 6

*Daniel v. Am. Bd. of Emergency Med.*,
428 F.3d 408 (2d Cir. 2005)...................................................................................................9

*DataCell ehf. v. Visa, Inc.*,
No. 1:14–CV–1658, 2015 WL 4624714 (E.D. Va. July 30, 2015) .......................................10

*Delta Brands Inc. v. Danieli Corp.*,
99 F. App'x 1 (5th Cir. 2004) .................................................................................................6

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
592 U.S. 351 (2021)................................................................................................................8

*Gault v. Thacher*,
367 F. Supp. 3d 469 (D.S.C. 2018)........................................................................................3

*Go-Video, Inc. v. Akai Elec. Co.*,
885 F.2d 1406 (9th Cir. 1989) ..............................................................................................10

*GTE New Media Servs., Inc. v. BellSouth Corp.*,
199 F.3d 1343 (D.C. Cir. 2000)..............................................................................................9

*Guidry v. United States Tobacco Co.*,
188 F.3d 619 (5th Cir. 1999) ..................................................................................................6

*Haley Paint Co. v. E.I. Dupont De Nemours & Co.*,
775 F. Supp. 2d 790 (D. Md. 2011) ................................................................10

*Hanson v. Denckla*,
357 U.S. 235 (1958) ............................................................................6

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984) ............................................................................6

*Hollar v. Philip Morris Inc.*,
43 F. Supp. 2d 794 (N.D. Ohio 1998) ..........................................................7

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) ...........................................................................5, 6

*Jien v. Perdue Farms, Inc.*,
No. 1:19-CV-2521, 2022 WL 2818950 (D. Md. July 19, 2022) ...............................8

*KM Enters., Inc. v. Glob. Traffic Techs., Inc.*,
725 F.3d 718 (7th Cir. 2013) .................................................................9, 10

*Lolavar v. de Santibanes*,
430 F.3d 221 (4th Cir. 2005) ...................................................................8

*Mackey v. Compass Marketing, Inc.*,
391 Md. 117 (2006) ...........................................................................7, 8

*Masselli & Lane, PC v. Miller & Schuh, PA*,
No. 99-2440, 2000 WL 691100 (4th Cir. 2000) ..............................................2

*McLaughlin v. McPhail*,
707 F.2d 800 (4th Cir. 1983) ..................................................................7

*Mylan Labs., Inc. v. Akzo, N.V.*,
2 F.3d 56 (4th Cir. 1993) .....................................................................2, 8

*In re New Motor Vehicles Canadian Export*,
307 F. Supp. 2d 145 (D. Me. 2004) ...........................................................7

*Ohio Learning Ctrs., LLC v. Sylvan Learning, Inc.*,
2012 WL 1416905 (D. Md. Apr. 24, 2012) ....................................................5

*Perdue Foods LLC v. BRF S.A.*,
814 F.3d 185 (4th Cir. 2016) ..................................................................2

*In re Platinum and Palladium Antitrust Litig.*,
51 F.4th 242 (2d Cir. 2023), *cert. denied sub nom. BASF Metals Ltd. v. KPFF
Inv., Inc.*, 144 S. Ct. 681, 217 L. Ed. 2d 382 (2024) ........................................7

-iii-

*Radio Music License Comm., Inc. v. Glob. Music Rights, LLC*,
No. 16-6076, 2017 WL 8682117 (E.D. Pa. Nov. 29, 2017), *adopting R&R*
2019 WL 1437981 (E.D. Pa. Mar. 29, 2019)..............................................................11

*Rickman v. BMW of N. Am. LLC*,
538 F. Supp. 3d 429 (D.N.J. 2021) ...........................................................................7

*San Francisco Comprehensive Tours, LLC v. Tripadvisor, LLC*,
No. 2:20-cv-02117, 2021 WL 4394253 (D. Nev. Sept. 24, 2021)..............................11

*SD3, LLC v. Black & Decker (U.S.) Inc.*,
801 F.3d 412 (4th Cir. 2015) ...................................................................................5

*Smith v. Jefferson Cnty. Bd. of Educ.*,
378 F. App'x 582 (7th Cir. 2010) ..........................................................................6, 7

*Ticketmaster-New York, Inc. v. Alioto*,
26 F.3d 201 (1st Cir. 1994)......................................................................................2

*Toombs v. Lowe's Cos., Inc.*,
No. CV DKC 21-1843, 2021 WL 4772926 (D. Md. Oct. 13, 2021) ..........................5

*Tyler-Simms v. Vineyard Vines Retail, LLC*,
No. GJH-20-3081, 2021 WL 3080064 (D. Md. July 20, 2021).................................2

*Unspam Techs., Inc. v. Chernuk*,
716 F.3d 322 (4th Cir. 2013) ...............................................................................5, 7

*In re W. States Wholesale Nat. Gas Litig.*,
605 F. Supp. 2d 1118 (D. Nev. 2009).......................................................................7

*Walden v. Fiore*,
571 U.S. 277 (2014).........................................................................................6, 8, 9

*World Skating Fed'n v. Int'l Skating Union*,
357 F. Supp. 2d 661 (S.D.N.Y. 2005)......................................................................11

*Yacht Basin Provision Co. v. Bates*,
610 F. Supp. 3d 800 (E.D.N.C. 2022)......................................................................3

**Statutes**

15 U.S.C. § 12..................................................................................................... *passim*

15 U.S.C. § 22...................................................................................................9, 11

Fed. R. Civ. Proc. 12(b)(2) ...................................................................................1, 2

Fed. R. Civ. Proc. 12(b)(6) ......................................................................................4

Md. Code, Cts. & Jud. Procs § 6-103 ...........................................................................................4

Defendants Southern California Edison Company ("SCE"), NextEra Energy, Inc., ("NEE"), NextEra Energy Resources, LLC ("NEER"), Florida Power & Light Company ("FPL"), and Luminant Generation Company LLC ("Luminant") (together, "Moving Non-Resident Defendants") submit this memorandum in support of their motion to dismiss the claims asserted against them in the Amended Complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiffs' failure to state a claim in their Amended Complaint is addressed in Defendants' forthcoming Omnibus Motion to Dismiss and supporting Memorandum of Law (collectively, the "Omnibus Motion"), which is incorporated herein by reference. This Motion addresses the lack of personal jurisdiction over the Moving Non-Resident Defendants. Because the Amended Complaint contains no particularized factual allegations that would justify the exercise of either general or specific personal jurisdiction over any of the Moving Non-Resident Defendants under traditional personal jurisdiction jurisprudence, Plaintiffs presumably intend to rely on a "conspiracy jurisdiction" theory. That theory fails here for two independent reasons.

First, for the reasons set forth in the Omnibus Motion, Plaintiffs have failed to state a conspiracy claim. Absent a properly pled conspiracy, there can be no basis to assert personal jurisdiction over Moving Non-Resident Defendants under a conspiracy jurisdiction theory. Thus, if the Court grants the Omnibus Motion, it should grant this Motion as well. Second, purely as a matter of law, federal due process does not permit exercise of personal jurisdiction over defendants who would not otherwise be subject to such jurisdiction solely because they are alleged to be part of a conspiracy with others who are themselves subject to the Court's jurisdiction.

**ARGUMENT**

As an initial matter, none of the Moving Non-Resident Defendants is at "home" in Maryland, and thus none is subject to *general* personal jurisdiction in this Court. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (a corporation's place of incorporation and principal place of business are the paradigmatic bases for assertion of general jurisdiction); *Tyler-Simms v. Vineyard Vines Retail, LLC*, No. GJH-20-3081, 2021 WL 3080064, at *2 (D. Md. July 20, 2021) (same for LLCs). For there to be *specific* personal jurisdiction over the Moving Non-Resident Defendants as to the claims asserted, the Court must ultimately conclude that "(1) [Maryland's] long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016). At the pleading stage, a plaintiff responding to a motion to dismiss under Rule 12(b)(2) is required to make a prima facie showing of a sufficient jurisdictional basis. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). To determine whether the plaintiff has met this burden, the court must construe uncontroverted jurisdictional allegations in the complaint in the light most favorable to the plaintiff, but the court need not "credit conclusory allegations or draw farfetched inferences." *Masselli & Lane, PC v. Miller & Schuh, PA*, No. 99-2440, 2000 WL 691100, at *1 (4th Cir. 2000) (quoting *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994)).

Here, Plaintiffs fail to allege specific contacts between Moving Non-Resident Defendants and Maryland sufficient to support the exercise of specific personal jurisdiction over them in Maryland. The only jurisdictional facts specific to the Moving Non-Resident Defendants alleged in the Amended Complaint are that:

- SCE is "a California corporation headquartered in Rosemead, California," and that the San Onofre Nuclear Generating Station that SCE previously operated in San Clemente, California, "ceased operations in June 2013 and is currently being decommissioned." (Amended Complaint, ECF No. 306, ¶143);

- NEE "is a publicly traded Florida corporation headquartered in Juno Beach, Florida" (*id.* ¶114), and that subsidiaries of subsidiaries own and operate nuclear plants in Wisconsin and New Hampshire and own a non-operating nuclear plant in Iowa (*id.* ¶115);

- NEER "is a Delaware limited liability company headquartered in Juno Beach, Florida" that "indirectly owns and operates the Point Beach Nuclear Plant in Two Rivers, Wisconsin, and the Seabrook Station in Seabrook, New Hampshire" and previously operated a plant in Iowa, "which ceased operations in August 2020" (*id.*);

- FPL "is a Florida corporation headquartered in Juno Beach, Florida" that owns and operates two nuclear plants in Florida (*id.* ¶116); and

- Luminant "is a Texas limited liability company headquartered in Irving, Texas" (*id.* ¶165).

The Amended Complaint also includes conclusory, group pleading jurisdictional allegations aimed at all Defendants, including that all Defendants conspired with one another, including Constellation Energy Corporation ("Constellation") and Constellation Energy Generation, LLC ("CEG") in Maryland, to fix and suppress compensation, that the Nuclear Defendants did so by transmitting unspecified confidential compensation information to Maryland-based Defendants, and that all Defendants "reasonably expected that the conspiracy would result in the suppression of the compensation of nuclear power generation workers in Maryland." (*Id.* ¶23).

Plaintiffs assert generally that, under these allegations, "[t]his court has personal jurisdiction over *each of the Defendants*" under (1) Maryland's long-arm statute and (2) Section 12 of the Clayton Act. (Amended Complaint ¶23 (emphasis added)). But these general and conclusory allegations are plainly insufficient to establish personal jurisdiction over the Moving Non-Resident Defendants.[1]

---

[1] The closest Plaintiffs come to alleging any contact between each Moving Non-Resident Defendant and this forum is the patently insufficient allegation that "[e]ach Nuclear Defendant attended the 2012 NHRG annual conference in Maryland." (Amended Complaint ¶23). Even if that allegation were made specifically as to each of the Moving Non-Resident Defendants, and even accepting that allegation as true for purposes of this motion, alleged attendance at a single meeting in Maryland more than a decade ago does not constitute "minimum contacts" sufficient to support the exercise of personal jurisdiction in Maryland. *Contiem v. Gullion*, No. CV MJM-23-2511, 2024 WL 4349689, at *4 (D. Md. Sept. 30, 2024) (holding that "a single two-day trip to Maryland" to attend a "conference" is insufficient to confer jurisdiction where defendant "did not otherwise have frequent interactions with the forum state"); *Gault v.*

I.     **Plaintiffs Have Not Pled a Basis for Personal Jurisdiction Under Maryland's Long-Arm Statute.**

The Amended Complaint provides no basis to assert personal jurisdiction over the Moving Non-Resident Defendants under Maryland's long arm statute, *see* Md. Code Ann., Cts. & Jud. Procs § 6-103(b)(1) and (3), because Plaintiffs provide nothing more than conclusory assertions of a conspiracy among all Defendants that purportedly involved a Maryland entity.  Plaintiffs' conspiracy allegations are insufficient to state a claim for the reasons stated in the Omnibus Motion, *see* Omnibus Motion at Section I, and thus cannot suffice under the purported "conspiracy theory" of personal jurisdiction. Even if Plaintiffs' Complaint survived scrutiny under Rule 12(b)(6) (which it should not), reliance on another defendant's contacts to establish personal jurisdiction over Moving Non-Resident Defendants is incompatible with the constitutional guarantee of due process.

A.  **Plaintiffs Have Failed to Plausibly Allege an Antitrust Conspiracy, and Therefore There Is No Basis to Assert Personal Jurisdiction Over Moving Non-Resident Defendants Under the Conspiracy Theory.**

Plaintiffs' invocation of the Maryland long-arm statute to assert specific personal jurisdiction "as to each Defendant" appears to rely on the "conspiracy theory" of personal jurisdiction to attribute two Maryland-based Defendants' contacts to all other Defendants. Specifically, Plaintiffs allege that Defendants Constellation and CEG "reside in this District and used their headquarters in Baltimore, Maryland, to implement and coordinate the restraints of trade," and assert in a conclusory fashion that "[e]ach Defendant transmitted confidential

---

*Thacher*, 367 F. Supp. 3d 469, 476 (D.S.C. 2018) ("Sporadic business activity within the forum state" does "not amount to purposeful availment of the privilege of conducting activities within" the forum state); *Yacht Basin Provision Co. v. Bates*, 610 F. Supp. 3d 800, 816 (E.D.N.C. 2022) (Defendants' contacts "must be directed at the forum state in more than a random, fortuitous, or attenuated way." (citation omitted)). For the same reasons, the allegation that unidentified representatives from some (but not all) of the Moving Non-Resident Defendants attended a single regulatory affairs forum in Bethesda, Maryland in 2023, which plaintiffs do not assert was connected in any way to the alleged conspiracy, does not constitute "minimum contacts" as to the defendants who allegedly attended that forum. *Id.*

compensation information to" Constellation and CEG in Maryland and "anticipated that the conspiracy would result in the suppression of the compensation of nuclear power generation workers in Maryland." (Amended Complaint ¶23). As set forth in Defendants' Omnibus Motion, Plaintiffs' claims of an antitrust conspiracy are facially implausible. *See* Omnibus Motion at Section I.

Plaintiffs allege no direct or circumstantial evidence supporting a plausible inference of conspiracy. *See id*. Instead, they have done nothing more than "assemble some collection of defendants and then make vague, non-specific allegations against all of them as a group." *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015); *see also* Omnibus Motion at Section I. Because such generalized allegations are insufficient to state an antitrust conspiracy claim they also do not suffice to invoke the "conspiracy theory" of personal jurisdiction. *See Unspam Techs., Inc. v. Chernuk*, 716 F.3d 322, 329–30 (4th Cir. 2013) (holding that "conclusory and speculative" allegations of conspiracy "do not satisfy the requirements for establishing a conspiracy theory of jurisdiction"); *Ohio Learning Ctrs., LLC v. Sylvan Learning, Inc.*, 2012 WL 1416905, at *5–6 (D. Md. Apr. 24, 2012) (personal jurisdiction pursuant to conspiracy theory not appropriate where plaintiffs failed to make a *prima facie* claim of that conspiracy); *Chirila v. Conforte*, 47 F. App'x 838, 842–43 (9th Cir. 2002) (plaintiffs could not rely on "conspiracy theory" of personal jurisdiction supported only by "a bare allegation of a conspiracy between the defendant and a person within the personal jurisdiction of the court" (citation omitted)).

**B. The Conspiracy Theory of Personal Jurisdiction Is Not Compatible With Due Process.**

Maryland's long-arm statute only "authorizes the exercise of personal jurisdiction to the limits permitted by the Due Process Clause." *Toombs v. Lowe's Cos., Inc.*, No. CV DKC 21-1843, 2021 WL 4772926, at *2 (D. Md. Oct. 13, 2021). The Due Process Clause protects a defendant

from personal jurisdiction in a forum where it has no meaningful "contacts, ties, or relations." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). Indeed, as the Supreme Court has repeatedly affirmed, the touchstone of specific personal jurisdiction is that the litigation "must arise out of contacts that the 'defendant *himself* creates with the forum State.'" *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)); *Bristol-Myers Squibb Co. v. Sup. Ct. of Calif., S.F. Cnty.*, 582 U.S. 255, 262 (2017) (holding that specific jurisdiction requires that the litigation "must 'arise out of or relate to the *defendant's* contacts with the *forum*'" (first emphasis added) (quoting *Daimler AG v. Bauman*, 571 U.S. at 127)).[2] The purported "conspiracy theory" of personal jurisdiction is incompatible with this well-settled precedent because it substitutes the defendant-specific minimum contacts analysis required by the Due Process Clause for an inquiry into other parties' contacts with the forum. *Cf. Walden*, 571 U.S. at 284 (explaining that the Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between . . . third parties . . . and the forum State."); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("[U]nilateral activity of another party . . . is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State . . . .").

Courts have rejected attempts to invoke the conspiracy theory of personal jurisdiction because it does not satisfy the traditional minimum contacts analysis required by the Constitution. *See, e.g.*, *Delta Brands Inc. v. Danieli Corp.*, 99 F. App'x 1, 6 (5th Cir. 2004) (to comport with due process, plaintiff was required to demonstrate that foreign defendant "individually, and not as part of the conspiracy, had minimum contacts with Texas") (citing *Guidry v. United States*

---

[2] Minimum contacts exist only when a defendant "purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *see also Burger King Corp.*, 471 U.S. at 475 ("This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts[.]").

*Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999)); *Smith v. Jefferson Cnty. Bd. of Educ.*, 378 F. App'x 582, 586 (7th Cir. 2010) (holding that "permit[ing] a plaintiff to draw a defendant into court in Illinois simply by alleging a conspiracy that includes some Illinois defendants and some out-of-state defendants" would be "well beyond the bounds of . . . federal due process"); *Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429, 440 (D.N.J. 2021) ("[F]ederal due process does not square with the conspiracy-jurisdiction theory."); *In re New Motor Vehicles Canadian Export*, 307 F. Supp. 2d 145, 158 (D. Me. 2004) (noting that "[t]he First Circuit has never recognized the conspiracy doctrine" and declining to apply it); *In re W. States Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118, 1138 (D. Nev. 2009) (explaining that although the Ninth Circuit "has not expressly accepted or rejected the conspiracy theory of personal jurisdiction," a growing number of courts have expressed doubts about the theory's legitimacy); *Hollar v. Philip Morris Inc.*, 43 F. Supp. 2d 794, 802 (N.D. Ohio 1998) (declining to apply conspiracy theory of jurisdiction "[s]ince personal jurisdiction must be based on the actions and contacts of the specific defendant at issue").[3]

Notably, while the Court of Appeals for the Fourth Circuit has not rejected the conspiracy theory of jurisdiction as unconstitutional, neither has it ever held that a complaint's allegations have been sufficient to establish personal jurisdiction under that theory. *See Unspam*, 716 F.3d at 329–30; *McLaughlin v. McPhail*, 707 F.2d 800, 807 (4th Cir. 1983) (applying Maryland law and finding same); *Lolavar v. de Santibanes*, 430 F.3d 221, 230 (4th Cir. 2005) (applying Virginia law and finding no personal jurisdiction because there were "no facts in the record as to Virginia contacts"). And though the Court of Appeals of Maryland has recognized the conspiracy theory

---

[3] *See also Chirila v. Conforte*, 47 F. App'x 838, 842–43 (9th Cir. 2002) (noting there is "a great deal of doubt surrounding the legitimacy of this conspiracy theory of personal jurisdiction."). Indeed, even when courts have accepted the conspiracy theory of jurisdiction, they have recognized that "[t]here may be grounds for [constitutional] objections" to the doctrine. *In re Platinum and Palladium Antitrust Litig.*, 51 F.4th 242, 272 (2d Cir. 2023), *cert. denied sub nom. BASF Metals Ltd. v. KPFF Inv., Inc.*, 144 S. Ct. 681, 217 L. Ed. 2d 382 (2024).

under Maryland law, *see Mackey v. Compass Marketing, Inc.*, 391 Md. 117 (2006), it did so without the benefit of the Supreme Court's subsequent re-emphasis of the importance of a defendant-specific minimum contacts analysis in *Walden* and *Bristol-Myers Squibb Co.*, *see supra* at 6-7. *See also Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359-60 (2021) (explaining that, for specific personal jurisdiction, "[t]he contacts must be the defendant's own choice" and "'must arise out of or relate to the defendant's contacts' with the forum" (quoting *Bristol-Myers Squibb Co.*, 582 U.S. at 262)).

And courts in the District of Maryland that have relied on *Mackey* to find personal jurisdiction over a non-resident defendant on the pleadings have done so based on the type of specific allegations that are entirely absent here. *See Jien v. Perdue Farms, Inc.*, No. 1:19-CV-2521, 2022 WL 2818950 (D. Md. July 19, 2022). In *Jien*, for example, the plaintiffs made not only a threshold showing as to the alleged conspiracy (which Plaintiffs have failed to make here), but also a threshold showing that the *specific defendant* challenging personal jurisdiction "purposely availed itself of 'the privilege of conducting activities in the forum,'" when it served on a "three-to-five person Steering Committee . . . implementing the conspiracy alongside [two] Maryland entities for the better part of two decades." *Id.* at *7 (citations omitted). There are no such specific allegations directed at any of the Moving Non-Resident Defendants in the Amended Complaint in this case.[4]

---

[4] In *Jien, supra*, Judge Gallagher held that application of the "conspiracy theory" to the allegations in that case did not violate due process, or the holdings in *Walden* and *Bristol-Myers Squibb Co.*, based largely on a determination that a "co-conspirator falls within the definition of an 'agent' for purposes of [Maryland's] long-arm statute." *Jien*, at *6, *citing Mackey*, 391 Md. at 142. But simply deeming an alleged co-conspirator to be an "agent" under the long-arm statute cannot extend the reach of the long-arm statute beyond the protections afforded by the Due Process Clause. And the Supreme Court has repeatedly emphasized that a defendant-specific, minimum contacts analysis is required in order to comport with due process protections, regardless of the defendant's relationship with other parties. *Walden*, at 286. In all events, a plaintiff cannot evade the defendant-specific minimum contacts analysis required by *Walden* and *Bristol-Myers Squibb Co.* simply by making a conclusory allegation of an agency or co-conspirator relationship. *Mylan Labs., Inc.*, 2 F.3d at 62-63 (district court did not err in holding parent-subsidiary relationship between parties

This Court should follow the guidance of the Supreme Court and decline to impute other defendants' alleged Maryland-based contacts to Moving Non-Resident Defendants. *See Walden*, 571 U.S. at 286 (a non-resident defendant's relationship with the forum state "must arise out of contacts that the 'defendant *himself*' creates with the forum State") (quoting *Burger King Corp.*, 471 U.S. at 475).

## II.    Plaintiffs Also Fail to Establish Personal Jurisdiction Under Section 12 of the Clayton Act.

Section 12 of the Clayton Act does not provide an alternative basis for personal jurisdiction over Moving Non-Resident Defendants. Section 12 contains both (1) a venue clause and (2) a service of process clause, which must be read together:

> Any suit, action, or proceeding under the antitrust laws against a corporation [1] may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and [2] all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

15 U.S.C. § 22 (bracketed numbers added).

In other words, nationwide service of process, and thus personal jurisdiction, under Section 12 is available only as to a defendant that also satisfies the requirements of the venue clause, based on a showing that such defendant is an inhabitant of, may be found in, or transacts business in the district where the action is brought. *See, e.g.*, *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 424–25 (2d Cir. 2005) ("[T]he extraterritorial service provision of Clayton Act Section 12 may be invoked to satisfy personal jurisdiction only when the requirements of the section's venue provisions are satisfied."); *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1350 (D.C. Cir. 2000) ("[I]nvocation of the nationwide service clause rests on

---

was insufficient to justify exercise of personal jurisdiction over foreign parent company under agency theory—notwithstanding plaintiffs' allegation that the subsidiary was acting as parent's agent).

satisfying the venue provision."); *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 730 (7th Cir. 2013) ("To avail oneself of the privilege of nationwide service of process, a plaintiff must satisfy the venue provisions of [the] first clause."). Although the Fourth Circuit has not squarely addressed the issue, this Court should follow the majority view as expressed by the Second Circuit, D.C. Circuit, and Seventh Circuit—that jurisdiction is available only for defendants that satisfy the venue clause—in the cases cited above.[5] *See also DataCell ehf. v. Visa, Inc.*, No. 1:14-CV-1658, 2015 WL 4624714, at *4 (E.D. Va. July 30, 2015) (adopting majority view because minority interpretation would effectively eliminate a personal jurisdiction requirement in antitrust cases); *cf. Haley Paint Co. v. E.I. Dupont De Nemours & Co.*, 775 F. Supp. 2d 790, 800 (D. Md. 2011) (Under Section 12, "service of process is a sufficient ground for exercising personal jurisdiction over a foreign defendant only if finding personal jurisdiction would be consistent with due process.").

Plaintiffs' Amended Complaint is devoid of factual allegations that any of the Moving Non-Resident Defendants "may be found or transact[] business" in Maryland as required to satisfy Section 12's venue clause.[6] Rather, plaintiffs acknowledge that SCE is incorporated and headquartered in California and that the only nuclear power plant SCE ever operated was located in California (and has not operated since at least 2013). (Amended Complaint ¶143). Likewise, NEE, NEER, and FPL are alleged to be incorporated and headquartered in Florida, and FPL is only alleged to own and operate nuclear power plants in Florida. (*Id.* ¶¶114-16). What's more,

---

[5] Only the Third and Ninth Circuits have adopted an interpretation of Section 12 that authorizes nationwide service of process absent satisfaction of the venue clause. *See In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 296–97 (3d Cir. 2004); *Go-Video, Inc. v. Akai Elec. Co.*, 885 F.2d 1406, 1415 (9th Cir. 1989).

[6] As to venue, Plaintiffs include only non-specific, conclusory allegations that "*one or more of the Defendants* transacted business, was found, and/or resided in this District; a substantial part of the events giving rise to Plaintiffs' claims arose in this District; and a substantial portion of the affected interstate trade and commerce described herein was carried out in this District." (Amended Complaint ¶24) (emphasis added).

NEE and NEER are not alleged to own or operate any nuclear plants at all, and even their subsidiaries (and subsidiaries of subsidiaries) are only alleged to own and operate plants in Florida, Wisconsin and New Hampshire and own a non-operating nuclear plant in Iowa. (*Id.* ¶115).

Plaintiffs allege much the same for Luminant: that it is organized, headquartered, and previously operated a nuclear power plant in Texas (*id.* ¶¶165, 196). But it would not matter even if Plaintiffs had alleged more; Section 12 applies only to "a corporation," 15 U.S.C. § 22, and Luminant is an LLC. *See, e.g.*, *San Francisco Comprehensive Tours, LLC v. Tripadvisor, LLC*, No. 2:20-cv-02117, 2021 WL 4394253, at *5 (D. Nev. Sept. 24, 2021) ("Multiple district courts and the Third Circuit have strictly construed the statute and excluded limited liability companies from Section 12 of the Clayton Act . . . Similarly here, Plaintiff is not a corporation, so Section 12 of the Clayton Act does not apply to Plaintiff."); *Radio Music License Comm., Inc. v. Glob. Music Rights, LLC*, No. 16-6076, 2017 WL 8682117, at *41 (E.D. Pa. Nov. 29, 2017) ("The jurisdictional clause of Section 12 of the Clayton Act simply does not apply here. [Defendant] is neither a foreign-country defendant nor a corporation—it is a domestic limited liability company."), *adopting R&R* 2019 WL 1437981 (E.D. Pa. Mar. 29, 2019); *World Skating Fed'n v. Int'l Skating Union*, 357 F. Supp. 2d 661, 664 (S.D.N.Y. 2005) ("Section 12 as written, and as interpreted, does not apply to entities that simply share common attributes with corporations. It applies only to corporations."). For the same reason, Section 12 also cannot be used to establish jurisdiction over NEER, which is a Delaware LLC. (Amended Complaint ¶115).

In sum, Plaintiffs do *not* specifically allege that any Moving Non-Resident Defendant inhabits, can be found in, or transacts business in Maryland. As a result, Plaintiffs cannot rely on Section 12 of the Clayton Act to support the assertion of personal jurisdiction over Moving Non-Resident Defendants.

## **CONCLUSION**

For all these reasons, Moving Non-Resident Defendants respectfully request that this Court dismiss them from this action for lack of personal jurisdiction.

Dated: December 19, 2025                    Respectfully submitted,

By: */s/ Brian C. Rocca*
    Brian C. Rocca (*pro hac vice*)
    Rishi P. Satia (*pro hac vice)*
    MORGAN, LEWIS & BOCKIUS LLP
    One Market, Spear Street Tower
    San Francisco, CA 94105
    (415) 442-1000
    brian.rocca@morganlewis.com
    rishi.satia@morganlewis.com

*/s/ William S.D. Cravens*
*(signed by Brian C. Rocca with permission of William S.D. Cravens)*
William S.D. Cravens (D. Md. Bar No. 17342)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-3000
william.cravens@morganlewis.com

*Counsel for Defendant*
*Southern California Edison Company*

-13-

*/s/ Jacquelyn E. Fradette*
*(signed by Brian C. Rocca with permission of*
*Jacquelyn E. Fradette)*
Jacquelyn E. Fradette (D. Md. Bar No. 20884)
Carrie C. Mahan (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 736-8000
Facsimile:   (202) 736-8711
jfradette@sidley.com
carrie.mahan@sidley.com

Yvette Ostolaza (*pro hac vice*)
SIDLEY AUSTIN LLP
2021 McKinney Avenue Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
yvette.ostolaza@sidley.com

Benjamin R. Nagin (*pro hac vice*)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile:  (212) 839-5599
bnagin@sidley.com

*Attorneys for Defendants Vistra Corp. and*
*Luminant Generation Company LLC*

-14-

/s/ Paul A. Solomon
*(signed by Brian C. Rocca with permission of Paul A. Solomon)*
Paul A. Solomon (D. Md. Bar No. 19920)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile:   (202) 393-2760
paul.solomon@skadden.com

Karen Hoffman Lent (*pro hac vice*)
Boris Bershteyn (*pro hac vice*)
Thomas J. Smith (*pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile:   (212) 735-2000
karen.lent@skadden.com
boris.bershteyn@skadden.com
thomas.smith@skadden.com

*Counsel for Defendants NextEra Energy, Inc.,*
*NextEra Energy Resources, LLC,*
*and Florida Power & Light Company*

-15-