**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

LEO DORRELL, *et al.*,

Plaintiffs,

v.

CONSTELLATION ENERGY CORPORATION, *et al.*,

Defendants.

Case No. 1:25-cv-02251-ABA

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF THE SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANTS NEXTERA ENERGY, INC., NEXTERA ENERGY RESOURCES, LLC, AND FLORIDA POWER & LIGHT COMPANY, CERTIFICATION OF SETTLEMENT CLASS, AND APPOINTMENT OF SETTLEMENT CLASS COUNSEL**

Upon consideration of Plaintiffs' motion for preliminary approval of the settlement with Defendants NextEra Energy, Inc., NextEra Energy Resources, LLC, and Florida Power & Light Company (collectively, "NextEra Defendants"), it is hereby **ORDERED** as follows:

1. The motion is hereby **GRANTED**.

2. The Court preliminarily finds that the proposed settlement with the NextEra Defendants, as set forth respectively in a written settlement agreement between Plaintiffs and the NextEra Defendants (the "Settlement Agreement"), has been negotiated at arm's length and is fair, reasonable, and adequate.

3. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used as defined in the Settlement Agreement.

4. The Court hereby certifies the following Settlement Class for the purpose of the Settlement Agreement:

> All persons employed in nuclear power generation by the Nuclear Defendants and coconspirators, their subsidiaries, and/or related entities in the United States from May 1, 2003 until the Date of Preliminary Approval.

5. The Settlement Class excludes the following persons employed by the Defendants and coconspirators, their subsidiaries, and/or related entities: human-resources executives, labor managers, human-resources managers, human-resources staff, human-resources officers, human-resources directors, and bookkeepers.

6. The Court preliminarily finds that the Settlement Class fully complies with the requirements of Federal Rule of Civil Procedure 23. Specifically, the Court preliminarily finds (1) that the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Settlement Class; (3) the claims of the named Plaintiffs are typical of the claims of the Settlement Class; and (4) the named Plaintiffs will fairly and adequately protect the interests of the Settlement Class. Additionally, the Court preliminarily finds that questions of law or fact common to the Settlement Class predominate over any questions that may affect only individual members, and that a class action is superior to all other available methods for fairly and efficiently adjudicating the controversy.

7. The Court appoints the following named plaintiffs as class representatives of the Settlement Class: Leo Dorrell, John Dunn, and Davion Chapel.

8. The Court appoints the following law firms (which currently serve as Interim Co-Lead Counsel) as Settlement Class Counsel: Handley Farah & Anderson PLLC, Hagens Berman Sobol Shapiro LLP, and Cohen Milstein Sellers & Toll, PLLC.

9. Settlement Class Counsel shall submit a motion to approve a plan of notice of the Settlement Agreement at an appropriate time, *i.e.*, after Defendants have produced contact information regarding Settlement Class members and prior to Plaintiffs moving for final approval

of the Settlement Agreement.

10. After notice to the Settlement Class has been approved and disseminated, the Court shall hold a hearing (the "Fairness Hearing") regarding the Settlement Agreement to determine whether it is fair, reasonable, and adequate and whether it should be finally approved by the Court.

11. After notice to the Settlement Class has been disseminated, members of the Settlement Class who wish to exclude themselves from the Settlement Class will be required to submit an appropriate and timely request for exclusion, and members of the Settlement Class who wish to object to the Settlement Agreement will be required to submit an appropriate and timely written statement of the grounds for objection. Members of the Settlement Class who wish to appear in person to object to the Settlement Agreement may do so at the Fairness Hearing pursuant to directions by the Court.

12. The Court approves the establishment of an escrow account, as set forth in the Settlement Agreement, as a "Qualified Settlement Fund" pursuant to Treas. Reg. § 1.468B-1. The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account. Settlement Class Counsel and their designees are authorized to expend funds from the escrow account to pay taxes, tax expenses, and notice and administration costs, as set forth in the Settlement Agreement.

13. This litigation is hereby stayed as to the NextEra Released Parties (as that term is defined in the Settlement Agreement) except as necessary to effectuate the Settlement Agreement or otherwise agreed to by the settling parties.

**IT IS SO ORDERED.**

DATED: ______________________

______________________________

HON. ADAM B. ABELSON
UNITED STATES DISTRICT JUDGE